UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE WILDERNESS SOCIETY and PRAIRIE FALCON AUDUBON, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES FOREST SERVICE, et al,<br><br>Defendants,<br><br>and<br><br>MAGIC VALLEY TRAIL MACHINE ASSOCIATION, an Idaho non-profit Corporation; IDAHO RECREATION COUNCIL, and Idaho unincorporated non-profit association; and BLUERIBBON COALITION, INC., an Idaho non-profit corporation,<br><br>Intervenor-Applicants. | Case No. CV08-363-E-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court is Magic Valley Trail Machine Association, Idaho Recreation Council, and BlueRibbon Coalition (collectively referred to as the "Recreational Groups") Motion to Intervene as Defendants in this action. The motion is made pursuant to Federal Rule of Civil Procedure 24 seeking both intervention of right

**MEMORANDUM ORDER - 1**

and permissive intervention. The Plaintiffs have filed an opposition to the motion. (Dkt. No. 17). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Discussion

The instant action is an environmental suit whereby the Plaintiffs are seeking declaratory and injunctive relief against the named Federal Defendants under the Administrative Procedure Act, the National Environmental Policy Act, the Clean Water Act, the National Forest Management Act, Executive Order 11644 as amended by Executive Order 11989, and the regulations established to implement the same. (Dkt. No. 1). Plaintiffs are challenging the United States Forest Service's May 28, 2008 Appeal Decision designating 1,196 miles of roads and trails for motorized recreational use in the Minidoka Ranger District of the Sawtooth National Forest in Idaho. This decision, Plaintiffs argue, violates the above statutes and executive orders by allowing the motorized traffic in the area.

The Recreational Groups "represent and include individuals who use motor vehicles and other means of access to visit and recreate" in the area at issue on a regular basis. (Dkt. No. 15, pp. 3, 6). They seek to intervene asserting "an interest relating to the property or transaction at issue in this matter" which they will be unable to protect unless permitted to intervene. (Dkt. No. 15, p. 2). The named Federal Defendants, they argue,

**MEMORANDUM ORDER - 2**

"do not adequately represent the private recreational, aesthetic and procedural interests of the Recreational Groups, as is apparent from the cross-claim" they seek to pursue. (Dkt. No. 15, p. 2).

I.  Intervention as of Right

Under Rule 24(a), an applicant is entitled to intervention as of right if a property interest claimed by the applicant may as a practical matter be impaired or impeded by the lawsuit's adjudication and the applicant's interest is inadequately represented by existing parties. The Ninth Circuit has articulated a four-part test to aid the court in determining when intervention of right is permitted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006) (citation omitted). Rule 24(a) is construed liberally in favor of potential intervenors. Id.

As the Recreational Groups acknowledge, the Ninth Circuit has adopted a "none but a federal defendant" rule precluding private parties from intervening in cases such as this. See Kootenai Tribe v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002). "As a general rule, 'the federal government is the only proper defendant in an action to compel compliance with NEPA.' " Id. (quoting Wetlands Action Network v. United States Army Corps. Of Engineers, 222 F.3d 1105, 1114 (9th Cir. 2000) (citations omitted)). "This rule is based on the premise that private parties do not have a 'significant protectable interest'

**MEMORANDUM ORDER - 3**

in NEPA compliance actions" noting "[t]he rationale for our rule is that, because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action." Id. (quoting Wetlands, 222 F.3d at 1114) (internal quotations and citations omitted). This rule is not limited to NEPA actions. See Kootenai Tribe, 313 F.3d at 1094.

This rule is applicable here and precludes intervention as of right by the Recreational Groups. As such, the motion is denied as to intervention as of right. There remains, however, the possibility for permissive intervention which, the Recreational Groups alternatively seek.

II.    Permissive Intervention

The Recreational Groups seek permissive intervention as was granted in Kootenai Tribe, 313 F.3d at 1110. Permissive Intervention is governed by Rule 24(b) which provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**MEMORANDUM ORDER - 4**

"Unlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" Kootenai Tribe, 313 F.3d at 1108 ("Rule 24(b) 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'") (citations omitted).  The question of permissive intervention under Rule 24(b) is "whether the applicants to intervene assert a claim or defense in common with the main action." Kootenai Tribe, 313 F.3d at 1110.  If a common question of law or fact is shown, intervention is discretionary with the court. Id. at 1111.  In exercising such discretion the court should consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. at n. 10.

Because their members regularly employ motorized and mechanized modes of recreation in the impact area which is the action the Plaintiffs seek to limit, the Recreational Groups argue they have a common question of law or fact in the main action.  They further argue that their interest in this case in "reasonable access for motorized and mechanized use throughout the Sawtooth National Forest and the Minidoka Ranger District" will not be adequately represented by the Federal Defendants. (Dkt. No. 15, p. 8).  The Forest Service, they argue, will "not necessarily defend its decision ... as vigorously as a party with something to lose."  (Dkt. No. 15, p. 9).  The Recreational Groups also desire to assert a cross-claim alleging the Federal Defendants have imposed excessive restrictions on mechanized use and access in the area which, they claim, demonstrates their divergence of positions with the Forest Service.  (Dkt. No. 15,

**MEMORANDUM ORDER - 5**

p. 6). If they are precluded from intervening in this action, the Recreational Groups contend, they will have no ability to challenge any injunction entered into in favor of the Plaintiffs which would restrict their members' use of the area. Further, if motorized/mechanical use is limited in this area, the Recreational Groups argue, it could also influence the Federal Defendants' management and decisions regarding use of other areas. (Dkt. No. 15, p. 7) (This would have a "direct, tangible, and adverse effect on the Recreational Groups' aesthetic and recreational use of the Forest" and could influence the manner in which planning is analyzed in other areas.).

The Plaintiffs argue the failure of the Recreational Groups to participate in the administrative process should preclude them from doing so by intervention at this stage. On this point, the parties dispute whether and to what extent the Recreational Groups were involved in the administrative procedures that are the basis of plaintiffs' claims. The Recreational Groups point to an appeal to the Forest Service during the administrative process filed by Mel Quale. Mr. Quale is a board of directors member of the Magic Valley Trail Machine Association, one of the Recreational Groups, and thus they argue he has standing to raise the proposed cross-claim in this action. (Dkt. No. 15-3, Quale Aff.). The Plaintiffs counter that because Mr. Quale's appeal was submitted in his individual capacity, the applicant-intervenor organizations did not participate in the appeal process and should be precluded from intervening here. Mr. Quale's appeal also references comments provided by another member of the Recreational Groups, the BlueRibbon Coalition. (Dkt. No. 18, Quale Aff., p. 6).

**MEMORANDUM ORDER - 6**

The administrative record has not yet been filed with this Court but it appears based upon the parties' submissions that Mr. Quale's appeal was made in his individual capacity. The only other involvement during the administrative process is by way of the Recreational Groups' allegations of other comments or appeals being made. If the Court were to allow permissive intervention based only on references to alleged comments by one or more of the Recreational Groups, the administrative process could largely be ignored by third-party defendants. As a result, the Court would be denied the benefit of having the expertise and involvement of the agencies' during the administrative process.

Though the Recreational Groups have shown an interest in the outcome of this litigation by way of their desire to access and enjoy the area on their chosen motorized/mechanized modes of travel, the Court declines to exercise its discretion and allow permissive intervention to the Recreational Groups. Although delay or prejudice is unlikely given this case is in the early stages, the Court finds the Recreational Groups would not add any further clarity or insight into the claims in this action. The fact remains that the gravamen of this cause of action challenges whether or not the named Federal Defendants complied with certain environmental statutes and executive orders when issuing the May 28, 2008 decision. Since the duties required by the laws in question here are imposed upon the Federal Defendants, the defense of this action is for the Federal Defendants to undertake. Accordingly, the Court will deny the motion for intervention.

**ORDER**

THEREFORE IT IS HEREBY ORDERED that the Motion to intervene (Dkt. No. 15) is **DENIED**.

DATED: **February 20, 2009**

_/s/ Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge