UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THE WILDERNESS SOCIETY and <br> PRAIRIE FALCON AUDUBON, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES FOREST <br> SERVICE, et al, <br><br> Defendants, <br><br> and <br><br> MAGIC VALLEY TRAIL MACHINE <br> ASSOCIATION, an Idaho non-profit <br> Corporation; IDAHO RECREATION <br> COUNCIL, and Idaho unincorporated non- <br> profit association; and BLUERIBBON <br> COALITION, INC., an Idaho non-profit <br> corporation, <br><br> Intervenor-Applicants. | Case No. CV08-363-E-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court is Magic Valley Trail Machine Association, Idaho Recreation Council, and BlueRibbon Coalition (collectively referred to as the "Recreational Groups") Motion for Reconsideration or for Stay. The motion asks the Court to reconsider its denial of the Recreational Group's motion to intervene in this action. The motion to intervene was made pursuant to Federal Rule of Civil Procedure 24 seeking both intervention of right and permissive intervention. The Plaintiffs opposed the motion and Defendants took no position on the motion.

**MEMORANDUM ORDER - 1**

(Dkt. No. 17). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Factual and Procedural Background

The instant action is an environmental suit in which the Plaintiffs seek declaratory and injunctive relief against the named Federal Defendants under the Administrative Procedure Act, the National Environmental Policy Act, the Clean Water Act, the National Forest Management Act, Executive Order 11644 as amended by Executive Order 11989, and the regulations established to implement the same. (Dkt. No. 1). Plaintiffs are challenging the United States Forest Service's May 28, 2008 Appeal Decision designating 1,196 miles of roads and trails for motorized recreational use in the Minidoka Ranger District of the Sawtooth National Forest in Idaho. (Dkt. No. 1). This decision, Plaintiffs argue, violates the above statutes and executive orders by allowing the motorized traffic in the area.

The Recreational Groups "represent and include individuals who use motor vehicles and other means of access to visit and recreate" in the area at issue on a regular basis. (Dkt. No. 15, pp. 3, 6). They filed a motion to intervene asserting "an interest relating to the property or transaction at issue in this matter" which they will be unable to protect unless permitted to intervene. (Dkt. No. 15, p. 2). Their interests, they argue are not represented by the existing Defendants. In addition, the Recreational Groups seek to raise a cross-claim against the named Defendants challenging the Service's February 22, 2008 Environmental Assessment and

Decision Notice/Finding of No Significant Impact. (Dkt. Nos. 15, p. 2, 15-2, p. 7).[1] On February 20, 2009 the Court denied the Recreational Groups' motion to intervene. (Dkt. No. 23). As a result, the Recreational Groups filed the instant motion and a notice of appeal to the Ninth Circuit. (Dkt. Nos. 27, 28). The Court now takes up the motion to reconsider or stay. (Dkt. No. 28).

## Standard of Law

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. (Citations omitted). Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

---

[1] The February 22, 2008 decision the Recreational Groups are challenging in their cross-claim is the underlying decision to which the Plaintiffs filed their administrative appeal. The Plaintiffs filed this action challenging the denial of their administrative appeal.

**MEMORANDUM ORDER - 3**

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed.  Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984).  See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").  The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

## Discussion

I.   Intervention as of Right

Under Rule 24(a), an applicant is entitled to intervention as of right if a property interest claimed by the applicant may as a practical matter be impaired or impeded by the lawsuit's adjudication and the applicant's interest is inadequately represented by existing parties.  The Ninth Circuit has articulated a four-part test to aid the court in determining when intervention of right is permitted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

**MEMORANDUM ORDER - 4**

>    (4) the applicant's interest must be inadequately represented by the parties to the action.

California ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006) (citation omitted). Rule 24(a) is construed liberally in favor of potential intervenors. Id.

The Ninth Circuit has adopted a "none but a federal defendant" rule precluding private parties from intervening in cases such as this. See Kootenai Tribe v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002). "As a general rule, 'the federal government is the only proper defendant in an action to compel compliance with NEPA.' " Id. (quoting Wetlands Action Network v. United States Army Corps. Of Engineers, 222 F.3d 1105, 1114 (9th Cir. 2000) (citations omitted)). "This rule is based on the premise that private parties do not have a 'significant protectable interest' in NEPA compliance actions" noting "[t]he rationale for our rule is that, because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action." Id. (quoting Wetlands, 222 F.3d at 1114) (internal quotations and citations omitted). This rule is not limited to NEPA actions. See Kootenai Tribe, 313 F.3d at 1094.

The Court found this rule to be applicable in this case to preclude intervention as of right by the Recreational Groups. On reconsideration, the Recreational Groups argue this rule should not be applied to deny their intervention in this case. The Recreational Groups have not come forward with any (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and/or (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J, 5 F.3d at 1263. The Court finds it properly applied the Ninth Circuit's precedent to this case in denying as to intervention as of right. As such, the Court denies the motion to reconsider on this issue.

**MEMORANDUM ORDER - 5**

II.     Permissive Intervention

Alternatively, the Recreational Groups argue the Court erred in not granting the groups permissive intervention.  The Recreational Groups assert that they "participated extensively in the administrative process" such that the agency had an opportunity to fully consider the issues raised by the Recreational Groups and that they are key components of any successful resolution of the issues presented in this case.  (Dkt. No. 28).  Plaintiffs oppose these arguments upon the same basis as raised in their objection to the motion to intervene.  (Dkt. No. 39).  While the Defendants take no position on the outcome of the motion, they have provided their position regarding the law as to the exhaustion of administrative remedies, organizational standing, and the none but a federal defendant rule.  (Dkt. No. 41).

The Recreational Groups do not challenge the law for permissive intervention as stated in the Court's Order (Dkt. No. 23).  On reconsideration, the Recreational Groups raise essentially the same arguments as before with a greater emphasis on highlighting the involvement of the Recreational Groups' organizations and individuals during the administrative process.  (Dkt. No. 46, p. 4).  The portions of the Administrative Record identified by the Recreational Groups go to show:  the Service's acknowledgment of the need to include the Recreational Groups in the process; comments made by Recreational Group members; other references to the Recreational Groups' interest and involvement in the process; and the appeal filed by Mr. Quale.  (Dkt. No. 46).

The governing statutes and regulations require that before a person can bring an action in court challenging an agency's decision, the person must exhaust all administrative appeal procedures.  See 7 U.S.C. § 6912(e); 36 C.F.R. § 215.21.  This is a mandatory requirement that the Recreational Groups have not satisfied.  The Recreational Groups argue they have satisfied

**MEMORANDUM ORDER - 6**

the administrative procedures by way of Mr. Quale's administrative appeal. Mr. Quale is a board of directors member of the Magic Valley Trail Machine Association, one of the Recreational Groups. Mr. Quale's appeal references comments provided by another member of the Recreational Groups, the BlueRibbon Coalition. (Dkt. No. 18, Quale Aff., p. 6). His appeal, however, was not filed on behalf of any of the Recreational Groups but was instead submitted in his individual capacity. The Recreational Groups seek to intervene here by using Mr. Quale's appeal as a key to the courthouse. However, the Recreational Groups cannot ride his coattails into court. The exhaustion of administrative remedies is mandatory and requires the person bringing the court action to have exhausted the administrative process. See Chattooga River Watershed Coalition v. United States Forest Service, 93 F.Supp.2d 1246, 1250-51 (N.D.Ga. 2000) (interpreting 7 U.S.C. § 6912(e)). The Recreational Groups have not done so here and, therefore, they have not satisfied the exhaustion requirement.

      The Recreational Groups contend there is no prejudice in allowing them to intervene because, although they did not file an appeal, they participated in the underlying process. There may be circumstances where an exception to the administrative exhaustion requirement would be proper so as to allow issues to be raised to the district court by any of the parties who filed administrative appeals where the agency was on notice of the objections and had the opportunity to consider the objections. See Kern v. United States Bureau of Land Management, 38 F.Supp.2d 1174, 1180 (D.Or. 1999), *reversed on other grounds*, 284 F.3d 1062 (9th Cir. 2002). In Kern, however, the parties were suing the Bureau of Land Management which does not have the mandatory exhaustion of administrative remedies requirement applicable here. See Chattooga, 93 F.Supp.2d at 1250. Because the Recreational Groups have not satisfied the

**MEMORANDUM ORDER - 7**

exhaustion of administrative remedies requirement, this is not an appropriate case for the Court to create an exception.

In addition, the Recreational Groups seek to not only intervene in this action but to also raise a cross-claim which does not articulate that it is challenging the outcome of Mr. Quale's appeal, the primary basis for their intervention argument, but instead challenges the underlying February 22, 2008 Decision issued by the Defendants. (Dkt. No. 15-2, p. 7). The Plaintiffs complaint challenges the denial of their May 28, 2008 Appeal Decision. (Dkt. No. 1). Seeking to intervene so as to file a cross-claim is simply not the appropriate procedure.

Permissive intervention is discretionary. This Court reviewed the record and gave due consideration to the arguments of all the parties before denying the motion to intervene. The Recreational Groups have failed to show that reconsideration of the Court's Order is proper as there is no new law, new facts or evidence, or clear error by the Court. Accordingly, the motion to reconsider is denied.

III.   Stay Pending Appeal

The Recreational Groups alternatively ask the Court stay this proceeding until they can appeal the decision denying their motion to intervene. Plaintiffs oppose this request and argue their claims are urgent and should not be delayed. The Recreational Groups counter that the Service's decision actually restricts motorized access which is favorable to Plaintiffs' position and, therefore, any delay would benefit the Plaintiffs. The Service takes no position on the request to stay.

In deciding whether to grant a stay pending appeal, a court must consider: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies .'" Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (citation omitted). The Court having now considered the issues raised by the Recreational Groups twice, does not find them to be likely to succeed on the merits. In balancing the hardships and considering the public interest, the Court finds these factors to weigh in favor of denying the stay. The parties and the public have a strong interest in having the issues brought before the court resolved particularly with the spring and summer months forthcoming when many people will desire to access the area at issue. As such, the Court denies the motion to stay.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** the Motion for Reconsideration or Stay. (Dkt. No. 28).

DATED: **April 16, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 9**