UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE WILDERNESS SOCIETY and PRAIRIE FALCON AUDUBON, INC., <br><br>Plaintiffs, <br><br>v. <br><br>THE UNITED STATES FOREST SERVICE, et al, <br><br>Defendants, <br><br>and <br><br>MAGIC VALLEY TRAIL MACHINE ASSOCIATION, an Idaho non-profit Corporation; IDAHO RECREATION COUNCIL, and Idaho unincorporated non-profit association; and BLUERIBBON COALITION, INC., an Idaho non-profit corporation, <br><br>Intervenor-Applicants. | Case No. CV08-363-E-EJL <br><br><br>**MEMORANDUM ORDER** |

Pending before the Court is Magic Valley Trail Machine Association, Idaho Recreation Council, and BlueRibbon Coalition (collectively referred to as the "Recreational Groups") Amended Motion to Intervene. (Dkt. No. 69.) The Motion is made pursuant to Federal Rule of Civil Procedure 24 seeking both intervention of right and permissive intervention. Having fully reviewed the record herein, the Court finds that

**MEMORANDUM ORDER - 1**

the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## Factual and Procedural Background

This is an environmental suit whereby the Plaintiffs, two conservation groups, are seeking declaratory and injunctive relief against the named Federal Defendants under the Administrative Procedure Act, the National Environmental Policy Act, the Clean Water Act, the National Forest Management Act, Executive Order 11644 as amended by Executive Order 11989, and the regulations established to implement the same. (Dkt. No. 1.) Plaintiffs are challenging the United States Forest Service's May 28, 2008 Appeal Decision designating 1,196 miles of roads and trails for motorized recreational use in the Minidoka Ranger District of the Sawtooth National Forest in Idaho. This decision, Plaintiffs argue, violates the above statutes and executive orders by allowing motorized traffic in the area.

The Recreational Groups "represent and include individuals who use motor vehicles and other means of access to visit and recreate" in the area at issue on a regular basis. (Dkt. No. 15, pp. 3, 6.) They seek to intervene asserting "an interest relating to the property or transaction at issue in this matter" which they will be unable to protect unless permitted to intervene. (Dkt. No. 15, p. 2.) The Federal Defendants, they argue, "do not adequately represent the private recreational, aesthetic and procedural interests of the Recreational Groups...." (Dkt. No. 15, p. 2.) This Court previously denied the

Recreational Groups' Motion to Intervene. (Dkt. No. 23.) On appeal, the Ninth Circuit reversed that decision abandoning the "federal defendant" rule and remanded the matter to this Court to "consider anew" the Recreational Groups' Motion to Intervene. (Dkt. Nos. 66, 68); *Wilderness Society v. USFS*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Recreational Groups then filed their Amended Motion to Intervene based upon the briefing previously submitted. (Dkt. No. 69.)

In their Amended Motion, the Recreational Groups again seek intervention as of right or, alternatively, permissive intervention. (Dkt. No. 69.) In doing so, the Recreational Groups have agreed, for the sake of expediency, to 1) concur and join in the Federal Defendants' cross-Motion for Summary Judgment and associated pleadings and 2) will not seek to raise any cross-claims against the 2008 Minidoka Ranger District Travel Plan Revision. (Dkt. No. 69.) The Recreational Groups do, however, desire to be fully involved as a party should further proceedings be needed. The Federal Defendants have taken no position on the Amended Motion other than to continue their position previously articulated regarding exhaustion of administrative remedies and would object to any participation in this action by the Recreational Groups that would circumvent exhaustion requirements. (Dkt. No. 73.) The Plaintiffs likewise take no position on the Motion so long as it includes the terms of intervention as set forth therein by the Recreational Groups. (Dkt. No. 72.)[1]

---

[1] The Plaintiffs previously filed an opposition to the motion. (Dkt. No. 17.)

**MEMORANDUM ORDER - 3**

**Discussion**

Under Rule 24(a), an applicant is entitled to intervention as of right if a property interest claimed by the applicant may, as a practical matter, be impaired or impeded by the lawsuit's adjudication and the applicant's interest is inadequately represented by existing parties. Fed. R. Civ. P. 24(a). The Ninth Circuit has articulated a four-part test to aid the court in determining when intervention of right is permitted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Society*, 630 F.3d at 1177 (citation omitted). Rule 24(a) is construed liberally in favor of potential intervenors. *Id.* at 1179.

The Court finds the Recreational Groups have satisfied this test. The Motion was initially filed prior to any dispositive motions and was therefore timely. (Dkt. No. 15.) Further, the Amended Motion states given the current procedural posture of the case that the Recreational Groups will not seek to file a separate dispositive motion or any cross-claims. (Dkt. No. 69.) As such, the Court finds the Motions to be timely. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). The Recreational Groups have also satisfied the second element of the test by claiming a significantly protectable interest relating to the property or transaction which is the subject of the action.

"To determine whether putative intervenors demonstrate the 'significantly protectable' interest necessary for intervention of right in a NEPA case, the operative

inquiry should be whether the 'interest is protectable under some law' and whether 'there is a relationship between the legally protected interest and the claims at issue.'" *Wilderness Society*, 630 F.3d at 1180 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). "A putative intervenor will generally demonstrate a sufficient interest for intervention of right in a NEPA action, as in all cases, if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Id*. (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441(9th Cir. 2006)).

The gravamen of this cause of action challenges whether or not the Federal Defendants complied with certain environmental statutes and executive orders when issuing the May 28, 2008 decision. (Dkt. No. 1.) That decision designates the use of motorized vehicles in the Minidoka Ranger District. The Recreational Groups' interest in this case is to ensure its members will be able to continue to enjoy "reasonable access for motorized and mechanized use throughout the Sawtooth National Forest and the Minidoka Ranger District...." (Dkt. No. 15, pp. 6-8.) Because the Recreational Groups' interest will be practically impaired as a result of this litigation, the Court finds they have a "significantly protectable interest."

Further, the Recreational Groups are situated such that the disposition of this action may, as a practical matter, impair or impede its ability to protect that interest. The Plaintiffs in this matter challenge the Travel Plan for the area and seek an injunction which would impair or possibly eliminate the modes of uses the members of the Recreational Groups employ when using and enjoying the Minidoka Ranger District.

Finally, the existing parties to this action do not adequately represent the Recreational Groups' interests. In determining whether an existing party adequately represents the applicant intervenor's interests courts consider whether 1) a named party's interests are such that it would make the intervenor's arguments, 2) that party is capable and willing to make such arguments, and 3) the proposed intervenor would offer any necessary element to the proceedings that would be neglected by the named parties. *See County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980). Again, the Court is mindful of the fact that Rule 24(a) is construed liberally in favor of potential intervenors. *Wilderness Society*, 630 F.3d at 1179.

As stated above, the Recreational Groups' interest in this matter is the continued ability of its members to reasonable access for motorized and mechanized use in the subject areas. This interest is distinct from that of both named parties in this action and will not be adequately represented by those parties. (Dkt. No. 15, p. 8.) The Plaintiffs' interests are contrary to the Recreational Groups, having brought this action to limit/enjoin the modes of use enjoyed by the members of the Recreational Groups. (Dkt. No. 1.) The Federal Defendants' interest is focused on complying with the requirements of the applicable laws and regulations for management of the lands at issue. The Recreational Groups further argue the Forest Service will "not necessarily defend its decision ... as vigorously as a party with something to lose." (Dkt. No. 15, p. 9.)

The Court finds the interest of the Recreational Groups is different from the named parties and is not likely to be raised or adequately protected by either party. Though the Recreational Groups align themselves on the side of the Forest Service, their interests in

this action are both to ensure their members continued access to the lands and, on a larger scale, to avoid setting precedent eliminating or severely restricting their interest in use on other lands in the future. (Dkt. No. 15, p. 6.)

Based on the foregoing, the Court grants the Amended Motion as to intervention as of right. The Recreational Groups shall be included as a party in this action. In the interest of judicial economy, the Court will make the intervention subject to the conditions expressed in the Amended Motion that the Recreational Groups: 1) concur and join in the Federal Defendants' cross-Motion for Summary Judgment and associated pleadings and 2) will not seek to raise any cross-claims against the 2008 Minidoka Ranger District Travel Plan Revision. (Dkt. No. 69.) Because the Court has granted the Amended Motion as to intervention of right, the Court will not address the alternative permissive intervention argument.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Amended Motion to Intervene (Dkt. No. 69) is **GRANTED**. The Magic Valley Trail Machine Association, Idaho Recreation Council, and BlueRibbon Coalition shall HEREBY be listed in this action as Intervenor-Defendants.

DATED:  **May 5, 2011**

Honorable Edward J. Lodge
U. S. District Judge